**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
Baltimore Division

| | |
|---|---|
| IN RE:<br>KATRINA A. HILL<br>   Debtor<br>_____<br>WILMINGTON SAVINGS FUND SOCIETY,<br>FSB, AS TRUSTEE OF WAMPUS<br>MORTGAGE LOAN TRUST<br>   Movant<br>v.<br>KATRINA A. HILL<br>   Debtor/Respondent<br>and<br>REBECCA A. HERR<br>   Trustee/Respondent | Case No. 22-14008-MMH<br><br>Chapter 13 |

## MOTION FOR RELIEF FROM AUTOMATIC STAY
## (REAL PROPERTY)

Wilmington Savings Fund Society, FSB, as Trustee of Wampus Mortgage Loan Trust ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362(d)(1), for relief from the automatic stay, with respect to certain real property of the Debtor having an address of 4600 Alcott Way, 401, Owings Mills, MD 21117 (the "Property"), for all purposes allowed by the Note (defined below), the Deed of Trust (defined below), and applicable law, including but not limited to the right to foreclose. In further support of this Motion, Movant respectfully states:

1. A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on July 25, 2022.

2. A Chapter 13 Plan was confirmed on February 28, 2023.

3. The Debtor has executed and delivered or is otherwise obligated with respect to that certain promissory note in the original principal amount of $180,347.00 (the "Note"). A copy of the Note is attached hereto.

4. Pursuant to that certain Deed of Trust (the "Deed of Trust"), all obligations (collectively, the "Obligations") of the Debtor under and with respect to the Note and the Deed of Trust are secured by the Property. The lien created by the Deed of Trust was perfected by recording of the Deed of Trust in the office of the Clerk of the Circuit Court of Baltimore County, Maryland. A copy of the recorded Deed of Trust is attached hereto.

5. The Debtor was in default at the time the present bankruptcy was filed. The Debtor owed prepetition arrears of $17,090.40. The prepetition arrearage is detailed in the Movant's Proof of Claim.

6. As of July 8, 2024, the estimated outstanding Obligations are:

| | |
|---|---:|
| Unpaid Principal Balance | $135,122.42 |

| | |
|---|---:|
| Unpaid Accrued Interest | $3,053.00 |
| NSF Fees | $0.00 |
| Uncollected Late Charges | $370.86 |
| Mortgage Insurance Premium | $85.76 |
| Taxes and Insurance Payments on behalf of Debtor | $837.47 |
| Interest on Advance | $0.00 |
| Other Fees | $0.00 |
| Other Costs | $4,430.81 |
| Less Partial Payments | $0.00 |
| Minimum Outstanding Obligations | $143,900.32 |

    7.    The following chart sets forth the number and amount of postpetition payments due pursuant to the terms of the Note that have been missed by the Debtor as of July 8, 2024.

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 3 | 05/01/2024 | 07/01/2024 | $1,339.71 | $4,019.13 |
| Less postpetition partial payments (suspense balance): | | | | $-95.15 |

**Total Postpetition Payments:**    **$3,923.98**

    8.    A postpetition payment history is attached hereto.

    9.    The estimated market value of the Property is $230,220.00. The basis for such valuation is the Debtor`s Schedules.

    10.    Cause exists for relief from the automatic stay, pursuant to 11 U.S.C. § 362(d)(1), for the following reasons:

    (a)    Postconfirmation payments required by the confirmed plan have not been made to Movant.

    11.    All communications sent by Secured Creditor in connection with proceeding against the property including, but not limited to, notices required by state law and communications to offer and provide information with regard to a potential Forbearance Agreement, Loan Modification, Refinance Agreement, Loss Mitigation Agreement, or other Loan Workout, may be sent directly to Debtors.

    12.    Carrington Mortgage Services, LLC services the loan on the Property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgage property, the foreclosure will be conducted in the name of Movant. Movant, directly or through an agent, has possession of the promissory note. Movant will enforce the promissory note as transferee in possession. Movant is the original mortgagee or beneficiary or the assignee of the Deed of Trust.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the

BWW#:MD-356466

stay and granting the following:

      1.      Relief from the stay for all purposes allowed by the Note, the Deed of Trust, and applicable law, including but not limited to allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

      2.      That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

      3.      For such other relief as the Court deems proper.

Dated: <u>July 11, 2024</u>

Respectfully Submitted,
BWW Law Group, LLC

      /s/ Nikita Joshi
Nikita Joshi, Esq., MD Fed. Bar No. 19720
BWW Law Group, LLC
6003 Executive Blvd, Suite 101
Rockville, MD 20852
301-961-6555, 301-961-6545 (facsimile)
bankruptcy@bww-law.com
*Attorney for the Movant*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 11th day of July, 2024, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing Motion for Relief from Automatic Stay will be served electronically by the Court's CM/ECF system on the following:

Rebecca A. Herr, Trustee                                  Eric Steiner, Esq.

      I hereby further certify that on this 11th day of July, 2024, a copy of the foregoing Motion for Relief from Automatic Stay was also mailed first class mail, postage prepaid, to:

Katrina A Hill
4600 Alcott Way, Unit 401
Owings Mills, MD 21117

      /s/ Nikita Joshi
Nikita Joshi, Esq.